DAVID ABBOTT *vs.* PUBLIC UTILITIES COMMISSION.

MARCH 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Public Utilities.   Jitneys.   Public Convenience and Necessity.*

Gen. Laws, 1923, cap. 254, sec. 3, provides that no person shall operate a jitney over a specified route until the owner shall have obtained from the Public Utilities Commission a certificate certifying "that public convenience and necessity require its operation over such route".

*Held,* that the expression "public convenience" has reference to something fitting or suited to the public need, and the word "necessity" has reference to the fact that the route in question appears to the Commission to be reasonably requisite, and in passing upon such questions the Commission must consider whether a proposed route is suited to and tends to promote the accommodation of the public and also whether it is reasonably required to meet a need for such accommodation.

*(2)  Public Utilities.  Jitneys.  Public Convenience and Necessity.*

The principle adopted by the Public Utilities Commission that in the determination of whether public convenience and necessity require the operation of jitneys over a given route, what will conduce to the general public welfare is the objective sought; is approved.  In determining such matter they are justified in considering the existing means of transportation, its character and probable permanence; the capital invested; the service rendered; the effect of admitting competition, etc.

APPEAL from order of Public Utilities Commission dismissing petition for a certificate of public convenience and necessity to operate jitneys.  Appeal dismissed.

SWEETLAND, C. J.  This is an appeal from an order of the Public Utilities Commission denying and dismissing the appellant's application for a certificate of public convenience and necessity to operate jitneys between Providence and Woonsocket.

The appellant, desiring authority to establish a line of so-called "motor busses" between said cities made application to the Commission for a certificate as prescribed in Sec. 3, Chapter 254, Gen. Laws 1923.  It is provided in said chapter that the term "jitney" shall include any "motor bus" operated as is set forth in Section 1 of said chapter.  Section 3 in part provides that no person shall operate a jitney over a specified route until the owner thereof shall have obtained from the Public Utilities Commission with reference to such jitney a certificate certifying, among other things, "that public convenience and necessity require its operation over such route".  The action of the Commission was based upon its finding that public convenience and necessity did not require the operation of the proposed line of motor busses by the appellant.

The expression "public convenience and necessity" has not a well defined and precise meaning.  "Convenience" is not used colloquially in the statute as the appellant appears to consider.  It is not synonymous with "handy" and "easy of access" although the question of ease of access may well enter into the determination of the public's convenience.  "Convenience" shall be given an interpretation

in accord with its regular meaning of "suitable", "fitting", and "public convenience" has reference to something fitting (1) or suited to the public need. In *Hunter* v. *Mayor and Aldermen*, 5 R. I. 325, the court held with reference to the laying out of a highway in accordance with the statute that a judgment of the Mayor and Board of Aldermen "that the public convenience requires that the highway shall be laid out" is equivalent to a judgment in the language of the statute that the proposed way "was necessary for the public accommodation". The word "necessity" in the expression under consideration does not have reference to an indispensable necessity but rather that the route in question appears to the Commission to be reasonably requisite. In passing upon public convenience and necessity the Commission must consider whether a proposed route is suited to and tends to promote the accommodation of the public and also whether it is reasonably required to meet a need for such accommodation.

In considering this question the Public Utilities Commission have taken a broad view of the situation presented by such an application as that before us upon appeal. In their solution of that question the members of the Commission have applied their wide experience and intimate knowledge of transportation problems in this State. In their decision entitled, "In re Applications for Certificates (2) to Operate Jitneys", dated June 30, 1922, they lay down the principle that, in the determination of whether public convenience and necessity require the operation of jitneys over a given route, what will conduce to the general public welfare is the objective sought. We approve that position of the Commission. They are justified in considering the existing means of transportation, as to its substantial character and its probable permanence, also the investments of capital made by the owners of such existing means, the nature of the service that is being rendered and, if such service is adequate what will be the probable effect of admitting competition into a field now adequately served;

and what effect such competition will probably have upon the receipts of existing lines of transportation, and as to whether, in the face of further competition, the adequacy of the existing service will be continued.

It appears that the New York, New Haven & Hartford Railroad Company furnishes sufficient and frequent service by steam railroad trains between Providence and Woonsocket and that the United Electric Railways Co. operates a line of electric cars which practically parallels the proposed jitney route of the appellant.

The appellant presented no evidence which bore upon the vital considerations bearing upon the real issue in the case, but contented himself with his own testimony, that of one of his counsel and a theatrical manager in Providence, each of whom testified in a general way that in his opinion "public convenience and necessity" would be served by the granting of the application. Each of these witnesses was without knowledge of the nature and adequacy of the service which is now being rendered by the steam and electric railways. Without such knowledge the opinion of these witnesses would be of practically no value to the Commission. The appellant was also permitted to file after the hearing a petition which was prepared and circulated through counsel for the applicant and which purported to be signed by a large number of persons residing in Woonsocket. In the preamble of this petition it is stated that the petitioners deem that the operation of the jitney line in question would be a great benefit from the standpoint of convenience and necessity to the population of the city of Woonsocket. From an inspection of the petition the Commission has found that many of the signatures thereto were not affixed by the persons whose names appear thereon. In any event, however, such petitions as those presented have little place in the quasi judicial proceedings before the Commissioners, where hearing is to be had upon sworn testimony of witnesses, the value of whose opinions would depend upon evidence as to their knowledge of the questions

involved, and whose knowledge or prejudice or interest might be tested by cross-examination. If petitions are to be received from one side they might be from the other. The determination of this matter could hardly be allowed to depend upon a balancing of the number of names appearing upon adversary petitions.

After an examination of the evidence presented before the Commission, we approve their finding that both the steam railroad and the electric trolley service of the two utilities now operating between Providence and Woonsocket are adequate and reasonable, and rendered upon proper and suitable schedules; that if the appellant's busses are permitted to operate as requested in competition with the electric trolley service of the United Electric Railways Co. it would probably result in such a loss of traffic and revenue to the United Electric Railways Co. as to cause the line to fail to earn its operating expenses, leading to a deterioration of its present service and perhaps the ultimate discontinuance of such service to the public detriment. We approve the conclusion of the Commission that no such public convenience and necessity has been proved by the applicant as to warrant the granting to him of the permission which he seeks.

The appeal is denied and the order of the Utilities Commission appealed from is approved.

*William A. Needham,* for petitioner.

*Clifford Whipple, Alonzo R. Williams, G. Frederick Frost,* for United Electric Railways Company.