## KEELING ET AL. *v.* BOARD OF ZONING APPEALS OF INDIANAPOLIS ET AL.

[No. 17,518. Filed November 21, 1946. Rehearing Denied January 10, 1947. Transfer Denied April 1, 1947.]

316

*Henry M. Dowling* and *Hartman & McManamon,* all of Indianapolis, for appellants.

*Arch N. Bobbitt,* Corporation Counsel, of City of Indianapolis, *Henry B. Krug,* City Attorney, *Virgil Norris,* Assistant City Attorney, *Albert M. Campbell,* and *Bobbitt, Martz & Beatty,* of Counsel, all of Indianapolis, for appellees.

HAMILTON, C. J.—This was a proceeding initiated before the Board of Zoning Appeals of the City of Indianapolis by the Board of Trustees of the Meridian Street Methodist Church and the Board of Trustees of the 51st Street Methodist Church, hereinafter referred to as appellee churches, both located in the City of Indianapolis, requesting a permit from the Board of Zoning Appeals of said city for the construction of a "large Methodist Church," combining the congregations of the Meridian Street Methodist Church and the 51st Street Methodist Church, to be located on certain lots between

54th Street and 56th Street and between Meridian and Illinois Streets in said city, with approximately 425 feet fronting on Meridian Street and approximately 246 feet fronting on Illinois Street. From an order of the board granting permission for the erection of said church under the authority granted the board under the provisions of Subsection (b) of Section 3 of the zoning ordinance of the City of Indianapolis, appellants filed their appeal to the Circuit Court of Marion County, Indiana, by way of a writ of *certiorari* as provided by § 48-2305, Burns' 1933, and from a judgment of the Marion Circuit Court sustaining and affirming in whole the action of the Board of Zoning Appeals, appellants appealed to this court.

The error assigned is the overruling of appellants' motion for a new trial, which contained the specifications that: (1.) The decision is not sustained by sufficient evidence; (2) the decision is contrary to law; and (3) to (16), inclusive, the court erred in excluding certain evidence.

No question is presented for our consideration relative to the rejection of evidence for the reason that in the motion for a new trial the objections made to the question, the offer to prove, if any was made, and the court's ruling thereon are not set forth. *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. (2d) 207; *Golden Guernsey Farms* v. *State* (1945), 223 Ind. 606, 63 N. E. (2d) 699.

The questions presented require a consideration of the zoning ordinance of the City of Indianapolis for the reason that the real estate involved is located within an area designated as residential by said zoning ordinance.

Pursuant to the authority granted in § 48-2301, *et seq.*, Burns' 1933, the common council of the City of Indianapolis duly enacted a zoning ordinance known as

"General Ordinance No. 114, as amended," which provides in part as follows:

"*Section 1.* No buildings or premises shall be erected or used except in conformation with the regulations herein prescribed for the use, height and area districts in which such building or premises is located.

"*Section 2. Classification of uses.* For the purpose of this ordinance the various uses of buildings and premises are divided into groups, classes and subdivisions as set forth in the following classification of uses:

Group 1. RESIDENCE CLASSES. Class U 1 uses. (Dwelling houses)

(1) Dwelling.

(2) Church, School, Public Library, Public Museum, Community Center Building, . . . .

(3) Public Park, Public Playground, Public Recreation Building, . . . .

"*Section 3. Dwelling House District.* (a) In a class U 1 or dwelling house district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used for other than a U 1 use.

(b) In a dwelling house district no building shall be erected which is arranged, intended or designed for a use enumerated in subdivision (2) of Class U 1 uses, unless such building is located: . . .

(4) On a lot determined by the Board of Zoning Appeals after public notice and hearing to be so located that such building will, in the judgment of the said Board, substantially serve the public convenience and welfare, and will not substantially or permanently injure the appropriate use of neighboring property . . ."

Under the authority granted by § 48-2304, the Board of Zoning Appeals of said City of Indianapolis duly adopted and promulgated rules of procedure of which Article VII reads:

"Article VII. 1. In all cases where this Board may require personal notice to be given to interested parties, except as otherwise provided by law or ordinance, notice in the form prescribed by this Board shall be given by the petitioner by leaving or mailing said notice to the residence, or last known address, of the interested party, or parties, at least five (5) days before the date of hearing in such matter, and the petitioner shall file with this Board before such petition is heard an affidavit in the form prescribed by the Board to the effect that such service of notice as requested has been given."

The application for a variance was filed by appellee churches with the Board of Zoning Appeals on August 16, 1945, and the hearing thereon was set for August 27, 1945. Notice on the prescribed forms was served upon the interested parties involved as property owners by registered mail, posted on August 22, 1945. Service of notice so served was proved by the required affidavit filed with the board.

Section 29 of the zoning ordinance provides that notice of a hearing must be published "at least seven (7) days prior to the time fixed for such hearing." Publication of notice of the hearing was made on August 20, 1945, and proof of such publication duly filed with the board.

It is asserted by appellants that the notice given as aforesaid was insufficient under the requirements of § 29 of the zoning ordinance and Article VII of the rules of procedure, *supra*. Appellants' contention is based upon the proposition that five and seven full days

of 24 hours each must elapse prior to the day of the hearing.

Section 2-4704, Burns' 1946 Replacement, provides:

"The time within which an act is to be done, as hereinafter provided, shall be computed by excluding the first day and including the last."

It has been uniformly held by both the Supreme Court and this court that notice such as was given in the instant case is sufficient under the requirements of the foregoing statute. *Moag* v. *State* (1941), 218 Ind. 135, 31 N. E. (2d) 629; *Mockford* v. *Iles* (1940), 217 Ind. 137, 26 N. E. (2d) 42; *Klein* v. *Tuhey* (1895), 13 Ind. App. 74, 75, 40 N. E. 144; *Sexton* v. *Goodwine* (1904), 33 Ind. App. 329, 330, 68 N. E. 929.

Furthermore, appellants appeared in person and by their attorney at the hearing held on August 27, 1945, and protested the granting of the petition of appellee churches. Such appearance amounted to a waiver of any irregularity or imperfections in the service of notice. *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 480, 199 N. E. 560; *Vandever* v. *Garshwiler* (1878), 63 Ind. 185, 192. Therefore, we hold that the notice which was given was sufficient.

Appellants most earnestly insist that the decision of the trial court is not sustained by sufficient evidence for the reason that the evidence in the record tending to support the decision is such proportionately meager evidence as compared to the evidence opposing the granting of the petition for the erection of a church building by the appellee churches as to justify a reversal of this cause.

The Board of Zoning Appeals is an administrative agency created by the legislature for the purpose of administering the zoning law.

In the case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93 on page 118, 26 N. E. (2d) 399, the Supreme Court states the rule which governs in determining whether or not a finding of fact by an administrative agency is supported by the evidence in the following language: "The question of the sufficiency of the evidence to support an administrative order does not depend upon whether such evidence was received in conformity with the rules applicable to proceedings in courts; nor will the reviewing tribunal weigh conflicting evidence; enter into the field of determining the credibility of the witnesses; or consider an exercise of discretion, in the absence of a showing of an abuse thereof. These matters are the peculiar responsibility of the hearing agency. In the final analysis, the finding of an administrative agency will not be disturbed when it is subjected to the scrutiny of a judicial review, upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantial factual foundation. This may be determined from a re-examination of the evidence upon which the administrative agency acted, or by the original reviewing court hearing evidence, depending upon the legislative scheme under which the agency operates."

In the case of *Board of Zoning Appeals* v. *Waintrup* (1935), 99 Ind. App. 576, 584, 193 N. E. 701, this court held: "There is no law that requires the board of zoning appeals to grant the variance. It is wholly within its discretion, and the board having the power to exercise that discretion, its decision is not reviewable by the courts, provided there was no illegality in its proceedings. The power and discretion to vary the ordinance rests *solely* with the board of zoning appeals, and, when it refuses to vary the ordin-

ance, it leaves the ordinance in full force as originally passed by the city council and the property subject to the use provided therein."

Again, in the case of *Board of Zoning Appeals* v. *Moyer* (1940), 108 Ind. App. 198, 208, 27 N. E. (2d) 905, we said: "Nevertheless, under the law whether or not the board should vary the ordinance is a matter for the board to determine in its sound discretion and this discretionary power of the board is not subject to review except by a proper court upon 'a petition, duly verified, setting forth that such decision is illegal, in whole or in part, and specifying the grounds of such illegality'." *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 82, 18 N. E. (2d) 764.

In the case of *Smith* v. *Lippman* (1944), 222 Ind. 261, 53 N. E. (2d) 157, in discussing the powers and duties of administrative agencies, or officers, the Supreme Court said: "Courts will not assume the duties of ministerial fact-finding bodies, *but will only intervene where the ministerial officer or board has acted unlawfully, arbitrarily, or unreasonably.*" (Our italics.)

In reviewing the decision of the Board of Zoning Appeals, the trial court acted as a court of review for error of law and illegality, and did not try the case *de novo*. *O'Connor* v. *Overall Laundry, Inc.* (1934), 98 Ind. App. 29, 183 N. E. 134. Upon this appeal we cannot weigh the evidence but are limited to an examination of the record to ascertain whether or not the action of the Board of Zoning Appeals was in any respect illegal. *O'Connor* v. *Overall Laundry, Inc.*, *supra; Board of Zoning Appeals* v. *Moyer, supra; Warren* v. *Indiana Telephone Co., supra*.

Examining the record in the instant case, we find the following: That Section 2, Group 1; Class U 1, Subdivision (2) of the zoning ordinance, *supra*, classifies

churches, schools, and community center buildings in the residence class. Section 3, Subdivision (b) provides that no building shall be erected on a lot included in a dwelling house district, or Class U 1 uses, unless such building is located " (4) On a lot determined by the Board of Zoning Appeals after public notice and hearing to be so located *that such building will, in the judgment of the said Board, substantially serve the public convenience and welfare, and will not substantially or permanently injure the appropriate use of neighboring property."* (Our italics.)

The record discloses that, in reaching its decision, the Board of Zoning Appeals had before it for consideration the written application of the appellee churches; written requests from owners and residents of 37 pieces of property on North Illinois Street and in the vicinity of 54th to 56th Streets, addressed to the Board of Zoning Appeals, requesting a variance in the zoning ordinance to permit the location and building of a Methodist Church on the ground between Meridian and Illinois and 54th and 56th Streets in Indianapolis; a petition of remonstrators (including appellants) against the proposed variance signed by 28 property owners, 14 residents on North Meridian Street, 9 on North Illinois Street, 2 on 54th Street, 2 on 55th Street, and one on 56th Street, Indianapolis; a letter from the chairmen of the Boards of Trustees of the two Methodist Churches requesting the variance and stating certain reasons why the variance should be granted by the board and the record discloses that at the public hearings a large number of interested property owners appeared in person and by attorneys and expressed themselves both in favor and against the granting of the petition for a variance. The board also had before it drawings of the proposed new church and improvement.

On September 17, 1945, the board met in regular session and rendered the following decision, as shown by the minutes of the board, to wit:

"The board gave consideration to the following petition and all interested persons who appeared were heard and decision rendered as follows:

"In Re: Petition of MERIDIAN STREET METHODIST CHURCH & 51ST STREET METHODIST CHURCH, 5425-47 North Illinois Street to 5434-5516 North Meridian Street, (Zoned U1-AA-H1 Residence), requesting variance of use to permit the erection of a church building. (CONTINUED FROM PREVIOUS MEETING.) A crowd of residents and property owners, both for and against the petition, was present. Mr. J. I. Holcomb, Chairman Board of Trustees of the Meridian Street Methodist Church, represented the petition and presented Mr. F. C. Tucker, Mr. Paul McCord, Mr. Walter Evans and Mr. H. H. Woodsmall, each of whom expressed the opinion that the establishment of the church at this location would stabilize rather than deteriorate property values. Dr. Baumgartel, executive secretary of the Indianapolis Church Federation, spoke on behalf of the petition. Two petitions, bearing the names and addresses of twenty residents and property owners of the neighborhood who favored the erection of the church at this location, had been filed with the case. Mr. J. E. McManamon represented the large group of remonstrators, together with Mr. Frank Dailey, Mr. Paul Welch, 5433 North Illinois Street, voiced objections to the proposed parking lot and to the project as a whole. At the suggestion of President Atherton, the Secretary of the Board of Zoning Appeals read from the official Zoning Ordinance of the City of Indianapolis to show why the filing of this petition had been necessary. Mrs. Grace Showalter, 5601 North Meridian Street, expressed objections to the erection of the church. Affidavit of publication and mailing of notices having been filed and made a part of the case, the Board being fully advised in the matter, approved the petition, subject to the following provisions:

"Plans for this construction shall be subject to the approval of the Secretary of the Board of Zoning Appeals and shall be subject to all requirements of the Building Code.

"The landscaping of these premises shall be subject to the approval of the Secretary of the Board of Zoning Appeals."

Testing the foregoing evidence and record by the rule stated in the authorities cited, *supra*, we are unable to say that the decision of the Board of Zoning ■ Appeals is not sustained by sufficient evidence as asserted by appellants.

Appellants argue that the decision of the Board of Zoning Appeals is contrary to law because of illegality for each of the following reasons: (1) The hearing of the Board of Zoning Appeals held on August 27, 1945, was held without notice as required by statute having been given. We have heretofore held the notice given to be sufficient under the statute which disposes of this contention. (2) That the decision of the Board of Zoning Appeals was illegal for the reason that the evidence discloses that the plans of the proposed new church building included a parking lot, gymnasium, recreation building, playground, and outside amphitheater, all constructed as a single unit; whereas only the erection of a church building had been applied for or could be properly considered and granted by the board.

We hold that the right to erect and use a modern church building may in a proper case, such as the one before us, include a parking lot for the use of ■ members in attending church services and any meetings held by the church, and all such rooms and facilities under one roof as ordinarily form and constitute a part of the building, equipment, and are deemed necessary, or useful, in connection with a modern church of the particular denomination involved. *Western Theo-*

*logical Seminary* v. *City of Evanston* (1927), 325 Ill. 511, 156 N. E. 778.

(3) That the evidence wholly fails to establish any "practical difficulties" and "unnecessary hardships," which constitute the sole justification under the statute for granting a variance. We hold that the variance in the instant case was authorized and granted under the authority contained in Subdivision (4), Subsection ·(b) of Section 3 of the zoning ordinance and not under Section 22 of said ordinance which authorizes a variance where "practical difficulties" or "unnecessary hardships" exist in the way of carrying out the strict letter of the provisions of the ordinance. Therefore, it is unnecessary to consider the validity of the board's decision from the standpoint of "practical difficulties" and "unnecessary hardships."

(4) Appellants contend further that "spot zoning" was attempted, which is not permissible in the absence of a unique situation of the property in question creating "practical difficulties" or "unnecessary hardships." We do not agree with appellants' contention, and we hold that the question of "spot zoning" is not involved in this appeal.

(5) Finally, appellants assert that the action of the board in granting a variance was unconstitutional, being an arbitrary administration of the ordinance with an unequal hand, thereby denying · appellants equal protection of the laws and depriving them of ·vested property rights without due process of law.

We have carefully examined the record, and we are constrained to hold that, applying the principles stated in the authorities as hereinabove quoted, there was sufficient evidence to sustain the decision of the Board of Zoning Appeals, acting in its sound discretion; that the decision is not contrary to law for any of the reasons

328

asserted; and that the record fails to disclose that said board acted unlawfully, arbitrarily, capriciously, or unreasonably in granting the petition of appellee churches.

Finally, we hold that the record contains sufficient evidence to justify and sustain a finding by the Board of Zoning Appeals that the proposed modern Methodist Church building will substantially serve the public convenience and welfare of the citizens of Indianapolis and that the erection of such a building will not substantially or permanently injure the appropriate use of the neighboring property in the vicinity where the proposed building is to be erected.

Finding no error in the record, the judgment of the trial court is hereby affirmed.

ROYSE, J., not participating.

NOTE.—Reported in 69 N. E. (2d) 613.