THE WEST HARTFORD METHODIST CHURCH *v.* ZONING
BOARD OF APPEALS OF THE TOWN OF
WEST HARTFORD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued February 9—decided March 13, 1956

*Robert Ewing,* with whom, on the brief, was
*Robert L. Rosensweig,* for the appellants (defend-
ants McManus et al.).

*Howard J. Maxwell,* with whom was *Richard T.
Steele,* for the appellee (plaintiff).

O'SULLIVAN, J. The defendants consist of the named defendant, to be called the board, and seven individuals who live in their own homes in West Hartford. In the latter part of 1954, the plaintiff, pursuant to the provisions of the local zoning regulations, filed with the board a petition for a special exception "to permit erection of new church structure on the premises at 240 S. Main Street, and to alter the present residence at this location for use in connection with church work, with parking area for 150 cars."

A public hearing on the petition was held on December 8, 1954, and evidence submitted from which the board could reasonably have found the following facts: The plaintiff is the only Methodist church in West Hartford. Its membership, now totaling 350, increased during the past year and a half by approximately 100 and is continuing to grow. The property which the plaintiff has been using for thirty-three years is situated at the corner of the Boulevard and Lockwood Terrace. This is not far from the Hartford boundary line and is near two other Methodist churches in that city. The proximity of the three churches to one another induces competition among them and leads to poor administration. The facilities at the present location are inadequate for the plaintiff to provide necessary religious and related services. It has been instructed by the New York East Conference of the Methodist Church to find other premises where the needs of the community may be better served. For this reason the plaintiff wishes to move to 240 South Main Street. Over half of its members live within a mile of this site. The proposed new location is at the southeasterly corner of South Main Street and Crestwood Road, in a residence A zone. The land

contains about two acres and, on the east and south, abuts four residential properties, two of which are owned, respectively, by the defendants Calano and McManus. It is in the middle of a highly developed residential area where the values of the individual homes range from $20,000 to $30,000. South Main Street, which Crestwood Road intersects but does not cross, is a main artery for north- and southbound vehicles and is heavily traveled. Included in the traffic are regularly scheduled busses of an operating common carrier.

The plaintiff's program, if the special exception is granted, is this: The present large residence which is almost in the center of the premises is to be remodeled and used for offices, Sunday School, and social activities. A kitchen is to be maintained in order to serve meals on various occasions. The church proper is to be a new cuneiform structure erected on what is now the front lawn of the existing residence. This structure will be thirty feet wide at the west end and seventy at the east, with ten-foot wings on either side. It will seat 400 people. Vehicular entrance upon the premises will be via a driveway from South Main Street running along the southerly boundary line of the property to a parking lot for 150 automobiles in the rear. The parking lot will adjoin the premises of other owners.

The plaintiff intends to hold regular church services on Sunday mornings and afternoons, and to foster frequent gatherings of its members throughout the rest of the week. There will also be gatherings on special occasions such as Christmas, and in all probability the plaintiff will conduct an annual fair for the purpose of raising money. There now is very little traffic, noise or congestion on the streets in the neighborhood, and particularly on Crestwood

Road. The use of the premises at 240 South Main Street in accordance with the proposed program would change the character of these streets, since they, as well as South Main Street, would be subjected to a considerable amount of additional traffic. As a result, the privacy now enjoyed by the owners of the nearby properties would be largely destroyed at times, and these properties would suffer a substantial loss in value.

On the basis of the foregoing facts, the board denied the plaintiff's petition for a special exception, stating, as four grounds for the denial, that the proposed use of 240 South Main Street would result in (1) overintensification of reasonable use of the land, (2) undue concentration of traffic, (3) substantial depreciation in the value of surrounding property, and (4) a condition which would not be in the best interests of the surrounding property owners. The plaintiff's appeal from the action of the board to the Court of Common Pleas was sustained, and, from the judgment rendered, all of the defendants except the board have appealed to this court.

Although the complaint alleged the unconstitutionality of the provision of the zoning regulations which forbids the use by a church of any premises within certain specified zones unless a special exception is first obtained from the board, and although the recital in the judgment upholds, undoubtedly through inadvertence,[1] the claim of unconstitutionality, the plaintiff, during oral argument to us, withdrew this claim. For that reason we shall give the matter no further thought. The limited question, then, for our determination is whether the

---

[1] In its memorandum of decision, the court discussed the claim of unconstitutionality and expressly overruled it. Nevertheless, the judgment recites that all of the issues were found for the plaintiff.

court erred in holding that the board, in denying the petition, acted arbitrarily, illegally or so unreasonably as to have abused its discretion. *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 642, 109 A.2d 253.

The zoning regulations of West Hartford provide that "[w]ithin an 'AAA,' 'AA,' 'A' and 'B' area district no building or premises shall be used and no building shall be erected or structurally altered which is arranged, intended or designed to be used for other than a single family residence together with such other buildings as are ordinarily appurtenant thereto." West Hartford Zoning Regs., § 4(A) (1945, as amended). Section 18 of the regulations provides that the board may, under certain circumstances, grant a special exception to permit the location of a church in any use district.[2] Under the latter section, the board was empowered to permit the plaintiff to locate at 240 South Main Street, but only if, in the judgment of the board, two conditions should prevail, namely: (1) The public convenience and welfare will be substantially served; (2) the appropriate use of neighboring property will not be substantially or permanently injured. These conditions set up a test for the guidance of the board, and since the validity of the test has not been challenged, we shall assume that it is sufficiently definite to be a valid delegation of legislative authority. Unless the test, then, was met in the

---

[2] "Section 18. Review by Board of Appeals. A. Special Exceptions. When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the Board of Appeals may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows: . . . (3) The location in any use district of a . . . church . . . ."

case at bar, the board would have acted improperly had it granted the exception. 1 Rathkopf, Law of Zoning & Planning (3d Ed.) p. 332.

The first condition of the test is that public convenience and welfare will, in the judgment of the board, be served. "Public convenience" is not used in a colloquial manner. It is not synonymous with "handy." The word "convenience" connotes that which is suitable or fitting, and "public convenience" refers to what is fitting or suited to the public need. See *Abbott* v. *Public Utilities Commission,* 48 R.I. 196, 197, 136 A. 490. The term "public welfare" cannot be precisely defined. "Sometimes it has been said to include public convenience, comfort, peace and order, prosperity and similar concepts . . . ." *Opinion of the Justices,* 128 N.E.2d 557, 561 (Mass.). To be truly in the public welfare, however, and thus superior to private property rights, any zoning regulation must be reasonable, not arbitrary, and must confer upon the public a benefit commensurate with its burden on private property. *Direct Plumbing Supply Co.* v. *Dayton,* 138 Ohio St. 540, 546, 38 N.E.2d 70. The denial of the exception in the case at bar is not to be taken as a determination that a church is detrimental to the welfare of a community. "The concept of the public welfare is broad and inclusive. . . . The values it represents are spiritual as well as physical, aesthetic as well as monetary." *Berman* v. *Parker,* 348 U.S. 26, 33, 75 S. Ct. 98, 99 L. Ed. 27. Ordinarily, a church adds incalculably to the public convenience and welfare and, for the purposes of the case at bar, it can be conceded that that statement is applicable.

The test, however, has another condition which, in the judgment of the board, must prevail before an exception is permissible. The condition is that the

use of 240 South Main Street will not substantially or permanently injure the use of neighboring properties for residential purposes. It is this condition upon which the plaintiff founders. We need not repeat the facts which demonstrated to the board that the use of surrounding homes will suffer substantial injury if 240 South Main Street is utilized as planned. Suffice it to say that these homes will lose much of the peace and quiet now enjoyed by their owners. Values will fall; traffic, with its attendant danger and noise, will increase greatly on Crestwood Road and other side streets; and the privacy of some homes will disappear with the advent of a large parking lot at their very boundary lines. Since the board could reasonably have concluded that the second condition of the test had not been established, the court erred in holding that the board, by denying the plaintiff's petition, acted arbitrarily, illegally or so unreasonably as to have abused its discretion.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal from the board.

In this opinion the other judges concurred.