The BOARD OF ZONING APPEALS OF the TOWN OF NEWBURGH, Indiana; Nicholas J. Michels, John Stephenson, William T. Newlin, David Diaz and Wayne Walker, Members and W. T. Mayes and Joyce Mayes, Appellants (Respondents Below),

v.

Richard EBERLE, Bonnie Eberle, Charles Patterson, John W. Tanner, Mary C. Tanner, Larry W. Green, Judith A. Green and George T. Bradshaw, Jr., Appellees (Petitioners Below).

No. 1–979A246.

Court of Appeals of Indiana, First District.

May 7, 1980.

S. Anthony Long, Phillips & Long, P. C., Boonville, for W. T. Mayes and Joyce Mayes.

James F. Flynn, Newman, Trockman, Lloyd, Flynn & Rheinlander, P. C., Evansville, for appellees.

NEAL, Judge.

### STATEMENT OF THE CASE

Appellants-respondents W. T. Mayes and Joyce Mayes (Respondents) applied to the Town of Newburgh Board of Zoning Appeals (Zoning Board) for a home occupation special exception to the Town of Newburgh's zoning ordinance to allow the use of a building on their premises as an automobile service garage. Upon the Zoning Board's approval, appellees-petitioners Richard Eberle *et al.* (Petitioners) sought certiorari in the Warrick Circuit Court which found the action of the Zoning Board to be contrary to the ordinance, outside the Zoning Board's jurisdiction, unlawful, and null and void. Respondents appeal the trial court's reversal of the Zoning Board's action. We affirm.

### FACTS

The record shows that Respondents' property is located in an R–3 residential district under the Town of Newburgh zoning ordinance. After securing an improvement permit, Respondents constructed a garage

next to and unattached from their dwelling and began to use the garage for the sale, exchange, and installation of goods and merchandise related to the repair and service of vehicles. Following citizen complaints, the Board of Trustees of the Town of Newburgh (Town Board) contacted Respondents about their garage. Respondents applied to the Town Board for an amendment to the zoning ordinance to change their property to a B–2 central business classification. The Town Board denied the request and Respondents applied to the Zoning Board for the special exception at issue here.

## ISSUES

Respondents argue the trial court erred in finding the Zoning Board's action exceeded its jurisdiction under the zoning ordinance, and in failing to defer to the Zoning Board's decision because: 1) the decision was amply supported by probative evidence; and 2) the question posed by Respondents' application is one reserved to local legislative authorities.

## DISCUSSION AND DECISION

The Zoning Board's grant of the special exception was properly reviewed by the trial court pursuant to Ind.Code 18–7–5–87.[1] The trial court may reverse the decision of the Zoning Board if:

"(1) The evidence on which the Review Board based its conclusion was devoid of probative value;

"(2) The quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest upon a rational basis;

"(3) The result of the hearing before the Review Board was substantially influenced by improper considerations;

"(4) There was no substantial evidence supporting the conclusions of the Review Board;

"(5) The order of the Review Board, its judgment or finding, is fraudulent, unreasonable or arbitrary;

"(6) The Review Board ignored competent evidence;

"(7) Reasonable men would be bound to reach the opposite conclusion from the evidence in the record."

*Metropolitan Development Commission of Marion County v. Bicknell,* (1972) 151 Ind. App. 554, 280 N.E.2d 861, 864–865. It is well established that the judgment of a trial court will be affirmed if sustainable on any basis. *Ertel v. Radio Corporation of America,* (1976) Ind.App., 354 N.E.2d 783. Contrary to Respondents' contention that the Zoning Board's decision should stand because "amply supported by probative evidence", we find that the trial court correctly reversed the Zoning Board because its decision was "arbitrary" as defined by our Supreme Court in *State ex rel. Indiana Department of Conservation v. Barber,* (1964) 246 Ind. 30, 37, 200 N.E.2d 638, 641–642:

"without adequate determining principle; . . . Without fair, solid, and substantial cause; that is, without cause based upon the law. . . . not governed by any fixed rules or standard."

Under Ind.Code 18–7–5–82, the Zoning Board shall, *inter alia* :

"Hear and decide special exceptions to the terms of the ordinance upon which the board is required to act under the ordinance."

Additionally, the zoning ordinance states, in part, in Article 7, § 7:

"The Board of Zoning Appeals shall:

\*　\*　\*　\*　\*　\*

"Permit and authorize exceptions to the district regulations in the particular situations specified in this ordinance. In granting an exception the Board may prescribe such conditions and safeguards it deems appropriate in order to achieve the intent of this ordinance. Failure to comply with such conditions and safeguards, when made a part of the terms

---

1. Effective April 6, 1979, Ind.Code 18–7–5–87 was repealed. For current law, see Ind.Code 18–7–4–1003 (Supp.1979).

under which an exception is granted, shall void the exception granted and shall be a violation of this ordinance. The Board may prescribe a time limit within which the action for which the exception is required shall be started or completed, or both. Failure to begin or complete such action within the prescribed time limitation shall void the special exception."

The ordinance explains the purpose of an R–3 residential district as:

"Primarily a single-family district . . but also permits multiple-family structures on larger lots and numerous residential related uses as special exceptions."

The schedule of district regulations in Article 3 lists the following uses and structures permitted in an R–3 residential district: Single-family dwellings, two-family dwellings, multiple-family dwellings, rooming houses and boarding houses; public parks and playgrounds; public or parochial schools; community centers, city halls, post offices, police and fire stations; accessory buildings in a rear yard not exceeding 18 feet in height, located no closer than 3 feet to any side or rear lot line, and occupying not more than 10 percent of the area of the lot on which the principal building is situated; and temporary buildings and uses for construction purposes for a period not to exceed one year.

Uses permitted as special exceptions in an R–3 residential district as stated in the schedule of district regulations are churches; home occupations; rest homes; mortuaries; nonprofit clubs, lodges, or fraternal associations; hospitals for human care; mobile home parks; public utility structures such as substations, water tanks and towers, telephone exchanges but not including service or storage yards or structures.

Because Respondents applied for a special exception for a home occupation, that term as defined in Article 10 of the ordinance is crucial. A "home occupation" under the Newburgh ordinance is:

"An occupation or activity conducted *entirely within a dwelling*, solely by the occupants thereof, which is clearly incidental and secondary to the use of the dwelling for dwelling purposes and in connection with which:

a. There is *no* display of goods or *outside storage of goods or equipment* nor commodity sold on the premises;

b. Not more than one (1) person not a resident on the premises is employed;

c. Not over 25% of the first floor of the dwelling is occupied by such use;

d. No internal or external alterations to the dwelling are required to accommodate the use.

A home occupation shall not be construed to include a barber shop, beauty parlor, tea room or restaurant, tourist home, school of any kind with organized classes, kennel, or an animal hospital." (Emphasis added.)

■ The burden was on Respondents to demonstrate to the Zoning Board that, *inter alia*, the activity would be conducted *entirely within their dwelling* and would involve *no outside storage of goods or equipment.* Yet in their application for a special exception and throughout this cause, Respondents acknowledged that the servicing of vehicles would be carried on in a garage detached from their dwelling and would involve as many as four vehicles on the premises awaiting repair or pickup at any one time. Under the ordinance, a "dwelling" is defined as a residence; therefore, Respondents' activities were not to be carried on *entirely within their dwelling* as required by the ordinance. Respondents also stated that their garage would not be enlarged or modified to accommodate more than two cars at any one time; therefore, at least two of the four vehicles awaiting repair or pickup at any one time would necessarily be stored outside in contravention to the terms of the ordinance. Respondents, in fact, concede in their brief to this court that their request does not fall within the strict construction of the definition of a home occupation under the ordinance, but this is precisely what it must do. A board

of zoning appeals has the power to permit and authorize an exception from a district regulation only in the classes of cases or the particular situations specified in the ordinance. *O'Connor v. Overall Laundry, Inc.*, (1932) 98 Ind.App. 29, 183 N.E. 134.

Respondents incorrectly argue that the Zoning Board's grant of the special exception is supported by evidence that: 1) the Town of Newburgh Plan Commission recommended allowing such use of the premises with certain restrictions; 2) there existed on Respondents' property at the time of their application a building designed for the proposed use; 3) there existed a community need for the services to be provided by Respondents' garage; 4) Respondents properly maintained the premises; 5) Respondents performed a service vital to community safety and welfare; and 6) several persons supported Respondents' petition at a public hearing and none opposed it. The conditions permitting an exception are those which are found in the ordinance. *Long v. Board of Zoning Appeals*, (1962) 134 Ind.App. 97, 182 N.E.2d 790, and none of the evidentiary considerations relied upon by Respondents can be found in those portions of the zoning ordinance which govern the granting of a special exception for a home occupation in an R–3 residential district. These evidentiary considerations are, therefore, irrelevant to the merits of this cause and cannot support the Zoning Board's action.

We hold that the granting of Respondents' application for a special exception for a home occupation was without cause based upon the law and, thus, arbitrary. The decision of the Zoning Board was properly reversed by the trial court.

The judgment of the trial court is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.