[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of a special exception application for a proposed funeral home containing a nondenominational funeral chapel. The application to the zoning board of appeals [hereafter called the Board] also requested a variance which was denied. While the variance was also appealed, the plaintiffs expressly abandoned that appeal in their pre-trial brief.
The plaintiffs Kenneth Abriola and Jean Abriola are the owners of a parcel of land containing 1.7 acres in the Residence A zone in Trumbull. They applied in the name of Louis A. Abriola Son Funeral Home, Inc. to construct an addition on their existing single family residence for use as a funeral home. Most of the properties in the area are also used for residential purposes. The owner of the property which forms the subject matter of the application to the agency is always aggrieved by denial of that application. Bossert Corporation v. Norwalk, 157 Conn. 279, 285; Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 308. Only one plaintiff must be aggrieved to confer standing to maintain the appeal, Nowicki v. Planning Zoning Board, 148 Conn. 492, 495, so it is unnecessary to resolve whether the named plaintiff can prove aggrievement.
A public hearing was held on the applications on December 4, 1991, and the Board denied both applications on February 5, 1992. The Board gave the following four reasons for denial of the special exception: CT Page 4765
(1) The Board considered this as strictly a business which would not fit under the category of special exceptions for "church and other places of worship".
(2) The proposed use would not be in harmony with a residential area.
(3) It would detract from the residential character of the area and result in decreased property values.
reasons assigned are considered on appeal, and it is sufficient if any one of the reasons given supports the agency's decision. Id. 306; Connecticut Health Facilities, Inc. v. Zoning Board of Appeals, 29 Conn. App. 1, 10.
A material question before the Board was whether the proposed use was allowed as a special exception under the Trumbull Zoning Regulations. The plaintiff's rely on Article II 1B(2), which allows a special exception for "churches and other places of worship, including parish houses and Sunday school buildings." A funeral home is not allowed either as a permitted use or with a special exception in the residence zones. A special exception cannot be granted for a use not specified in the zoning regulations. WATR, Inc. v. Zoning Board of Appeals,158 Conn. 196, 200; Weigel v. Planning Zoning Commission,160 Conn. 239, 246. The land use agency decides if a proposed use fits under one of the special exception categories, Jeffery v. Zoning Board of Appeals, 155 Conn. 451, 461. However, the court on appeal can review the reasonableness of the Board's finding, Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53,68, and decide whether the board reasonably decided if the use met the legal definition of a word in the regulations. Jeffrey v. Planning Zoning Board, supra, 454.
While the application stated that the special exception was to "construct a building addition and operate a nondenominational funeral chapel", the floor plan for the addition and evidence at the public hearing showed that the nondenominational chapel occupied less than twenty percent of the proposed building. Moreover, most of the building would be used for other activities customarily associated with a funeral home, including receiving rooms, casket selection rooms and embalming facilities. Even though the area designated as a chapel would sometimes be used for wakes and memorial services, the primary use of the building would be for a funeral home business, and in CT Page 4766 most cases services for the decedents would be held elsewhere, at churches and other places of worship. While the building would not be used for cremation of bodies, it would be used for preparing deceased persons for a funeral service and burial.
The Board could reasonably find that in many if not most cases activities amounting to religious worship or memorial services would not be held, and that the chapel was at most an adjunct to the main, proposed use of the building as a funeral home. The court on appeal can not substitute its judgment for questions of fact decided by a zoning board of appeals as long as the decision reflects an honest judgment reasonably exercised. Oakwood Development Corporation v. Zoning Board of Appeals, 20 Conn. App. 458, 460. The Board's interpretation of its own regulation was reasonable. The special exception is allowed for "churches and other places of worship, including parish houses and Sunday school buildings; . . . and buildings housing personnel affiliated with said churches . . ." The regulation reflects that worship may be carried on in buildings connected with the church property which are not actually churches themselves, such as parish houses and other outbuildings. The intent of the regulation was not to allow business and commercial uses to bootstrap themselves into the special exception by designating a portion of the building as an area where religious services could be conducted. Hospitals, colleges and resorts may also have chapel facilities as a convenience or service for their customers, but that does not make them a church or religious facility.
The plaintiffs place strong reliance upon the Appellate Court decision in Daughters of St. Paul v. Zoning Board of Appeals, 17 Conn. App. 53, 57-63, which construes the same section of the Trumbull Zoning Regulations. In Daughters of St. Paul an order of Catholic nuns applied for a special exception to construct a convent and religious book store and audio visual center in a residence zone, and the court concluded that the proposed use was within the definition in the Regulations, rejecting the Board's decision that the proposed convent was a commercial use and not a church or other place of worship. Whether a proposed use is a religious one is a question of fact, and when a building is used for more than one purpose, the main, principal and dominant use of the building determines its character. Id. 58. The court stated that if the facility was composed solely of the religious book store and audio visual center, that the use would not constitute a church or other CT Page 4767 place of worship. Id., 58. The plaintiff was a non-profit corporation for the religious and educational instruction of nuns, and the proposed convent was to contain a chapel, living and dining areas for the nuns, and a work area where religious and educational literature and tapes would be displayed for sale to the public. The book center was secondary and in support of the religious order's missionary and instructional purposes. Id., 59, 60. After concluding that the convent and chapel were a church or other place of worship under the regulations and the dominant use of the facility, Id., 61, 62, the court also found that the use of the book and audio visual center were integrally related to the dominant religious use as a convent and chapel. Id., 63.
In this case it can hardly be contended that a funeral home, a business use, is a non-profit, religious activity conducted by a religious organization. The Board properly denied the application since it did not qualify for a special exception under the zoning regulations.
Since the Board assigned a valid reason for denying the application, extensive discussion of the other reasons for denial of the special exception is unnecessary. However, a review of the record reasonably supports the Board's conclusion that a funeral home would not be in harmony with and would detract from the residential character of the area where the subject property was located. In addition to falling within a permitted category for a special exception, any proposed use must meet the general conditions for special exceptions in Article II 1B of the Zoning Regulations. Even though a church is allowed with a special exception in a residential zone, the Board can properly deny an application which does not comply with the standards in the zoning regulations for special exceptions. West Hartford Methodist Church v. Zoning Board of Appeals, 143 Conn. 263, 267-269. While evidence at the public hearing was conflicting, there was some evidence, which the board could believe, of potential traffic problems and that the funeral home would adversely affect surrounding properties. The Board can decide credibility of witnesses. Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159, 163; Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49. the Board can take into account its own knowledge of local conditions, and the burden of proof is on the applicant to show that it acted improperly. Holt-Lock, Inc. v. Zoning and Planning Commission, 161 Conn. 182, 191. It is not proper on CT Page 4768 appeal to second-guess the agency on factual determinations where there is some evidence in the record to support them.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE