BROADWAY AUTO LIVERY *vs.* STATE BOARD OF PUBLIC ROADS.

JANUARY 20, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

110

MURDOCK, J.   This cause is here on appeal from a decree of the Superior Court affirming an order of the State Board of Public Roads which suspended the registration of certain automobiles heretofore registered in the name of the complainant.   The Board based its action on a finding that complainant had violated Chapter 1423 of Public Laws 1929 and Chapter 1552 of the Public Laws of 1930.   Chapter 1423 is entitled "An Act for the Protection of Taxicab Passengers" and provides, among other things, that the operator of a taxicab must display a photograph of him-

self in his car; that a schedule of rates be displayed in each taxicab and that the same be so constructed that there is a partition separating the driver from the passengers. Chapter 1552 provides in Section 1 that: "The term 'taxicab' shall mean and include any motor vehicle for hire, designed to carry seven persons or less, operated upon any street or highway or on call or demand accepting or soliciting passengers indiscriminately for transportation for hire between such points along streets or highways as may be directed by the passenger or passengers so being transported, provided nothing in this act shall be construed to include, as a taxicab, a jitney as defined in section 1 of chapter 254 of the general laws, or a motor vehicle in livery service." The act then makes the owners and operators of taxicabs subject to the jurisdiction of the Public Utilities Commission and provides that no taxicab shall be operated in any city of the State without a certificate of convenience and necessity issued by said commission. It is admitted that the complainant did not comply with the terms of either of said acts.

It is the contention of the complainant that the automobiles registered in its name are engaged in livery service and are therefore not subject to the provisions of said Chapters 1423 and 1552.

The salient facts are undisputed. The complainant is an unincorporated association which operates a number of automobiles in the business of transporting passengers; the automobiles so operated are of the Sedan type with seating capacity for five passengers. The complainant has an office where a telephone operator receives orders for cars night and day, dispatches the same and keeps a record of the trips as reported by the driver. The cars when not in actual service are kept on the property of a company conducting a filling station at the corner of Broadway and Valley street adjoining the building where the office of the complainant is located. When standing on said property, the cars carry signs "For Hire" which are visible from the

street. The drivers wear caps with the word "Broadway" appearing thereon. When not transporting passengers they stand near their cars.

The complainant appears to have been ready and willing to respond to calls for cars without knowing the identity of the persons making the calls or the places to which they were to be transported. The greater part of complainant's business appears to have been short trips about the city and the rates are approximately the same as the rates charged by duly licensed taxicab companies.

It is difficult to draw the line between the two classes of service as they have many characteristics in common. Complainant stresses the fact that its cars are parked on private property and that business is not solicited on the streets but only from its terminus and by telephone.

The test to be applied is whether the complainant by its method of soliciting and conducting its business has held itself out to the public as a common carrier of passengers for hire. The fact that its business is conducted on private property and that it does not solicit business on the streets may be factors to be considered but they are by no means controlling. *State* v. *Jarvis,* 89 Vt. 239.

As Chapter 1552 does not define the term "livery service" it may reasonably be inferred that the legislature intended to exempt from its operation motor vehicles employed in a business conducted *mutatis mutandis,* as the livery business was conducted in the day of the horse drawn vehicle.

The proprietor of a livery stable was not at common law a common carrier for the reason that he did not hold himself out as being willing to carry passengers indiscriminately. There was an element of choice in the transaction both on the part of the proprietor and the person desiring transportation. The latter exercised a choice as to the type of vehicle, horse or horses and the driver, while the former was at liberty to decline to let a rig to anyone with whom he did not care to deal. Transportation of this kind was usually a matter of prearrangement as to time, type of

vehicle, destination and charges. While the business of the complainant may have some of the features of an auto livery, there was evidence before the Board upon which it could have reasonably found that the complainant was "soliciting passengers indiscriminately for transportation for hire" and therefore was doing such business in violation of said Chapter 1552.

It is not within the province of the court to exercise independent judgment on questions of administration which have been left by the legislature to an administrative board for determination. It is only when it appears that such board has exceeded its powers or has acted unreasonably or arbitrarily that its orders will be disturbed.

The appeal is denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*John P. Cooney, Jr., Francis M. Kiernan, M. Louis Abedon, Cooney & Kiernan,* for petitioner.

*Benjamin M. McLyman, Attorney General, J. Clifden O'Reilly, 3rd Asst. Attorney General,* for respondent.

*Edwards & Angell,* amici curiae.