ALBERT CAPALDO *vs.* PUBLIC UTILITY HEARING BOARD.

JULY 26, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C, J. This cause is before us on an appeal, in accordance with public laws 1940, chapter 821, section 1, from a decision of the public utility hearing board denying petitioner's application for a certificate of public necessity and convenience to operate three taxicabs for transportation of passengers within the city of Providence.

The petitioner, as required by general laws 1938, chapter 100, as amended, filed in the office of the public utility administrator, hereinafter called the administrator, a formal application for a certificate of public convenience and necessity to operate taxicab service within the city of Providence, state of Rhode Island. After due notice and publication a public hearing thereon was held before the administrator. At that hearing only the petitioner testified in favor of the granting of his application and officers of two companies operating taxicab service presented evidence in opposition thereto. The administrator thereupon entered an order denying the application on the grounds that there was no showing of public convenience and necessity; that no witness appeared to substantiate applicant's claim that additional taxicab service was necessary; that no complaints of inadequate service had been received by his office; and that an issuance of a certificate then would be in vio-

lation of general order No. 20 of the federal office of defense transportation, as interpreted by the administrator.

From that order the applicant duly appealed to the public utility hearing board, which functions by virtue of P. L. 1939, chap. 660, as amended by P. L. 1940, chap. 821. After due notice several public hearings thereon were held before said board at which the evidence presented before the administrator was made a part of the record and other evidence was also introduced for and against the granting of petitioner's application. At the conclusion of all the evidence the board rendered its decision denying and dismissing the appeal, sustaining the administrator's order, and denying the petitioner's application.

The cause is before us upon the petitioner's appeal from that decision on the grounds: (1) That the order is unlawful and unreasonable in that public convenience and necessity require the granting of petitioner's application to operate three taxicabs in Providence; and (2) that the order is unreasonable because it is not justified by evidence presented at the hearing on this appeal.

The appellant, inverting the order of his reasons of appeal, first contends, in substance, that the decision is arbitrary and unreasonable in that it is based upon factors which were not presented in evidence at the hearing and were not justified by the law and evidence; and, secondly, that the evidence in any event clearly established that the present taxicab service was inadequate to serve the needs and interest of the general public and that public convenience and necessity required the granting of petitioner's application to operate three taxicabs in Providence.

In order to properly answer these contentions and to perform our duty under the law in passing on the merits of this appeal, we must first know upon what basis the board's decision was founded. After a careful consideration of the written decision filed by the board, however, we cannot tell with certainty upon what precise basis that decision was actually made.

The decision does not contain a specific finding as to whether the evidence established that the present available taxicab service was adequate or inadequate to serve the needs and interest of the general public or whether the existence of public convenience and necessity was established by the evidence. The decision, however, contains certain statements involving assumptions, speculations and discussions concering the board's view of the policy of the law; of the policy said to have been established by the director and his predecessors in connection with limiting the issuance of certificates to operate taxicab service; the effect of a present granting of petitioner's application on possible competition with existing taxicab service after the war emergency has ceased; and the effect upon present taxicab service caused by general order No. 20 of the federal office of defense transportation. Apparently that order, in the absence of a special permit "to meet specific needs or exceptional circumstances, or to prevent undue public hardships", limited each taxicab registered as of September 1, 1942 to certain mileage in order to save gas and tires during the war emergency.

These statements are so interwoven with other discussions and apparent findings of fact, in connection with some of the evidence as to present taxicab service, that they appear to be inseparable therefrom. As a result the decision is open to different interpretations. One reading of the decision as a whole gives the impression that it may have been based substantially on the board's above-mentioned assumptions, speculations and discussions, whereas another view suggests that it may have been reached upon findings of fact to the effect that the evidence did not show the existence of public convenience and necessity requiring the granting of petitioner's application.

If the decision were materially premised upon the above-mentioned considerations, rather than upon proper findings of fact based on the evidence, irrespective of such other considerations, it would indicate that the board either mis-

conceived its duty or exceeded its jurisdiction. The duty of the respondent board upon such an appeal is set out in P. L. 1940, chap. 821, section 1, as follows: "Said board shall sit as an impartial, independent body in order to make decisions affecting the public interest and private rights. It shall hear all appeals *de novo* as to both the law and the facts and its decisions shall be based upon the law and upon the evidence presented before it by the public utility administrator and by the parties in interest."

In our opinion, the fundamental issue that is presented to the board on an appeal of this type is whether or not public convenience and necessity requiring additional taxicab service is established by the evidence. In making this determination it may well be that certain factors, if in evidence, may be properly considered by the board. See *Abbott* v. *Public Utilities Com.*, 48 R. I. 196. But this court has held: "Public service is the test in granting a certificate of convenience and necessity." *Mooney* v. *Tuckerman*, 50 R. I. 37, 41; *Breen's Taxi* v. *Division of Public Utilities*, 59 R. I. 134. We also have pointed out: "Protecting existing investments, however, from even wasteful competition must be treated as secondary to the first and most fundamental obligation of securing adequate service for the public . . . ." 3 Pond, Public Utilities (4th ed.) §746. *Breen's Taxi* v. *Division of Public Utilities, supra.*

Therefore the mere existence of a policy of administration that is based upon any formula or factors other than findings on the evidence in accordance with law cannot be substituted for the true standard by which such an application is to be granted or denied. The decisions of the director and of the hearing board upon an application of this kind are to be governed by the standard fixed by the statute and the decided cases thereunder, namely, proof and findings as to the existence or nonexistence of public necessity and convenience. What is conducive to the general public need, convenience, interest, safety, protection and welfare is always the true test.

On the other hand, the decision also contains other statements and discussions, including apparently some findings on the evidence as actually presented. If the board intended to base its decision upon findings of fact, independent of other interwoven considerations, to the effect that the present available taxicab service was not inadequate to serve the general public necessity, convenience and interest, it would indicate that the board did not misconceive its duty or exceed its jurisdiction.

Having in mind, however, that all proper findings of fact by the board upon the evidence are entitled to great weight, as provided in P. L. 1940, chapter 821, section 1, we cannot perform our duty under that statute unless we know with reasonable certainty what is the true basis of the decision and what is the specific finding by the board upon the evidence as to whether the existing available taxicab service is adequate or inadequate to meet the general public necessity, convenience and interest. This court should not be required to speculate as to the real basis of the board's decision upon the fundamental issues that are presented to it for decision under the law. In view of the different possible interpretations that can be given to the board's decision, as above set forth, and the absence of certain specific findings of fact, we cannot reasonably perform that duty.

Therefore, in view of the circumstances, we are of the opinion that the case should be remanded to the respondent board for the purpose of affording it an opportunity to clarify and complete the decision herein in accordance with this opinion.

*William Gerstenblatt,* for complainant.

*John H. Nolan,* Attorney General, *A. Norman LaSalle,* Asst. Atty. Gen.; for State and Board.

*William C. Waring, Jr., James E. Flannery, Edwards & Angell,* for Yellow Cab Company.