ALBERT CAPALDO *d.b.a.* CENTRAL CAB COMPANY *vs.*
PUBLIC UTILITY HEARING BOARD.
YELLOW CAB COMPANY OF PROVIDENCE *vs.* SAME.

FEBRUARY 1, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. These cases are appeals from a decision and order of the public utility hearing board granting Albert Capalbo (Capaldo), d.b.a. Central Cab Company, certificates of public convenience and necessity for the operation

of three taxicabs with points of origin within the cities of Providence and Cranston and the town of Johnston.

The following pertinent facts appear in the record. Albert Capaldo, hereinafter referred to as the applicant, operates a public livery service under the firm name Central Cab Company and a taxicab service known as Whitehall Taxi, Inc., a corporation. Under the Whitehall name he owns five certificates of convenience and necessity allowing his cabs to operate in the city of Providence. See *Capaldo* v. *Public Utility Hearing Board*, 77 R. I. 378.

Central Cab Company has no certificates of convenience and necessity but operates three public livery automobiles from private property at 20 Valley street, Providence. His public livery cars are not permitted to pick up passengers who solicit rides on the street. These cars respond only to telephone calls and personal requests made by people at the Valley street office. Charges are made from the point of departure at the Valley street office to point of pickup and then to the customer's destination. For the distinction between a public service car and a taxicab, see *Broadway Auto Livery* v. *State Board of Public Roads*, 52 R. I. 109.

On September 16, 1952 the applicant, d.b.a. Central Cab Company, filed with the department of business regulation an application for certificates of public convenience and necessity to operate eight taxicabs from points of origin within the cities of Providence and Cranston and the town of Johnston. This application was heard before the public utility administrator in October 1952. On June 18, 1954 he filed a decision granting the applicant a certificate to operate one taxicab having points of origin for the solicitation of business within the Olneyville area of Providence, and within the town of Johnston.

From such decision the applicant filed an appeal with the public utility hearing board on June 22, 1954 in accordance with the provisions of G. L. 1956, §39-5-9. Pursuant

to the procedure prescribed in §39-5-10, the appeal was heard de novo by the board in October 1954. At this hearing the transcript of evidence and the exhibits introduced before the administrator were made a part of the record. Further evidence was introduced by the applicant and the Yellow Cab Company of Providence, a protestant.

On February 21, 1955 the board entered a decision and order granting the applicant a certificate for the operation of three taxicabs with points of origin for the solicitation of business within the city of Providence, the town of Johnston and the city of Cranston. From such decision and order both the applicant and the protestant have appealed to this court under the provisions of §39-5-14.

The applicant bases his appeal on the grounds that the order of the board in granting him only three certificates instead of the eight requested is against the weight of the evidence presented before them and therefore that it is unlawful and unreasonable. On the other hand the protestant contends that the order of the board granting the three certificates should be reversed on the grounds that it is against the weight of the evidence, was entered without jurisdiction, and is unlawful and unreasonable.

In the state of the record before us we cannot pass upon the opposing contentions of the applicant and the protestant on the merits of the board's decision and order. We are informed by the protestant, without contradiction, that the record before us is incomplete because ten exhibits, some of which are essential to determining whether the decision and order of the board should be sustained, are missing and cannot be duplicated.

In passing on these appeals we are acting merely in an appellate capacity. See *Yellow Cab Co.* v. *Public Utility Hearing Board,* 73 R. I. 217, 228. Section 39-5-14 provides that on any appeal to this court from the hearing board, "the findings of the board on questions of fact shall be held prima facie to be true and as found by the board; and an

order of the board shall not be reversed unless it appears that the decision of the board was against the weight of the evidence presented before the board, or that said order was entered without the jurisdiction of the board, or that such order is unlawful or unreasonable."

The missing exhibits were part of the record on which the board based their decision and order. It must be presumed that the board examined the exhibits and considered the factual information which was recorded therein. However, after carefully examining the entire record, we cannot say with reasonable certainty what weight the board gave to any of the missing exhibits. In the circumstances, lacking a complete record we are not in a position to determine whether the order is against the weight of the evidence or whether it is unlawful or unreasonable.

In reviewing the board's decision under §39-5-14 we cannot speculate as to the real basis thereof. See *Capaldo* v. *Public Utility Hearing Board,* 70 R. I. 356, 361. It may very well be that the missing exhibits played no part in the board's ultimate decision, but on the basis of the record before us we cannot say whether this is so.

In the circumstances each case is remanded to the respondent board with direction to rehear the application and complete the record in accordance with this opinion.

*David F. Sweeney, G. Chandler Beals,* for appellant (applicant) Albert Capaldo.

*Albert J. Hoban,* for appellant (protestant) Yellow Cab Company (Public Utility Hearing Board).