The SHORT LINE, INC., Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

Civ. A. No. 3884.

United States District Court
D. Rhode Island.

Oct. 15, 1968.

S. Harrison Kahn, Washington, D. C., Thomas D. Pucci, Providence, R. I., for plaintiff, Short Line, Inc.

Knight Edwards, Providence, R. I., Russell R. Sage and L. C. Major, Jr., Washington, D. C., for intervenor-plaintiff, Greyhound Lines, Inc.

Edwin M. Zimmerman, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Edward P. Gallogly, U. S. Atty., Frederick W. Faerber, Jr., Asst. U. S. Atty., Providence, R. I., for defendant, United States.

Robert W. Ginnane, Gen. Counsel and Steven Kazan, Attorney, Interstate Commerce Commission, Washington, D. C., for defendant, Interstate Commerce Commission.

Mary E. Kelley, Boston, Mass., Salvatore L. Virgadamo, Newport, R. I., Beverley S. Simms, Washington, D. C., for intervening defendant, Almeida Bus Lines, Inc.

## OPINION

Before McENTEE, Circuit Judge, and GIGNOUX, District Judge and PETTINE, District Judge.

PETTINE, District Judge.

This is an action under 305(g) of Title 49, and Sections 1336, 1398, 2284 and 2321–2325 of Title 28 United States Code to set aside and annul an Order of the defendant, Interstate Commerce Commission Division 1, acting as an Appellate Division, entered on November 16, 1967, and served on December 5, 1967, in Docket No. MC–124935 (Sub. No. 3) Almeida Bus Lines—Extension—New York City affirming the Report and Order of Operating Rights Review Board No. 3 of the Interstate Commerce Commission entered on May 19, 1967 reported at 106 M.C.C. 311 (1967). The applicant was granted a certificate of public convenience and necessity to transport passengers and their baggage, and express and newspapers in the same vehicle over several described routes between Wareham, Massachusetts and New York City, New York. Essentially the authority granted permits direct single line service between

New York City and the Cape Cod area of Massachusetts. At the time of the application, Almeida was conducting operations between Boston, Massachusetts and Cape Cod.

The intervening complainants, Greyhound Lines, Inc. and The Short Line, Inc., are both authorized motor bus operators which now participate in a joint line regular-route service between New York City and Newport, Rhode Island and the involved Cape Cod area.

The statutes involved in this case are Part II of the Interstate Commerce Act, Sections 206(a)(1), 207(a) and 208(a) (49 U.S.C. Sections 306(a)(1), 307(a), and 308(a) ); the National Transportation Policy declared in the Interstate Commerce Act (49 U.S.C. Policy preceding Section 1); and Section 10(e) of the Administrative Procedure Act (5 U.S.C. Section 1009).

In substance, the complaint alleges that the action of the Commission was unlawful and erroneous in that it was contrary to law, unsupported by substantial evidence, and arbitrary and capricious.

The only question before this court is whether the Commission's decision that the public convenience and necessity require Almeida's bus operation is supported by substantial evidence of record and in accordance with the applicable law.

## I. The Evidence

 It is well settled that the scope of judicial review of Commission orders is limited and well defined. In the absence of a finding that the agency's actions are arbitrary, capricious or an abuse of discretion or unsupported by substantial evidence, it cannot be set aside. The judicial function on review is fully met when it finds a rational basis for the Commission's conclusions.[1]

 This court has been unable to find any basis for the plaintiff's contention that the Commission's findings are unsupported by substantial evidence of record. The record is vast, and a reading of it as a whole does not show it to be devoid of substantial evidence supporting its conclusions.[2] Though occasionally the record may well support

---

1. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 535–536, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Rochester Telephone Corp. v. United States, 307 U.S. 125, 138–140, 59 S.Ct. 754, 83 L.Ed. 1147 (1939); Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934); Interstate Commerce Commission v. Union Pacific Railroad, 222 U.S. 541, 547–548, 32 S.Ct. 108, 56 L.Ed. 308; Illinois Central Railroad v. Interstate Commerce Commission, 206 U.S. 441, 27 S.Ct. 700, 51 L.Ed. 1128; Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). Section 10(e) of the Administrative Procedure Act (5 U.S.C. Sec. 1009(e) 1964 ed.) gives a reviewing court authority to "set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, (or) an abuse of discretion * * * (or) unsupported by substantial evidence * * *" Cf. Mississippi Valley Barge Line Co. v. United States, 292 U.S. 286–287, 54 S.Ct. 694, "The judicial function is exhausted when there is found to be

a rational basis for the conclusions approved by the administrative body."

2. United States v. Interstate Commerce Commission, 91 U.S.App.D.C. 178, 198 F.2d 958, 963–964, cert. denied, 344 U.S. 893, 73 S.Ct. 212, 97 L.Ed. 691. We have defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126. "It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660. This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. National Labor Relations Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 106,

two conflicting points of view, the reviewing court cannot determine which is the correct result.[3]

■ The plaintiffs' attacks on the substantiality of the record evidence and the rationality of the Commission's decision-making included five major, specific points. First, the plaintiffs claimed that record showed not a scintilla of testimony as to metropolitan New York support for the application. But the briefs, record and Operating Rights Review Board opinion all reflect the testimony of several institutional witnesses that their personnel from the New York area would both benefit from and use the service. Second, the plaintiffs claimed that the Commission's exclusion of Fall River together with its inclusion of New Bedford in the application is a distinction so completely without a difference as to amount to an arbitrary classification. That argument ignores the Commission's reliance on the existing facilities of Almeida at New Bedford, its desire to protect Short Line's Fall River revenues,

and its attempt to lessen the total travel time of the Almeida route. Third, the plaintiffs argue that the Commission's basis for its decision to protect the Fall River market is so contrary to the documentary evidence as to be capricious, and that such capriciousness is symptomatic of a broader malady that infects the entire record. The argument even if true, proves too much. If it is true, then our conclusion should be not that the whole record is tainted but rather that Fall River should be reincluded in the application. And plaintiffs hardly desire that to be the object of their efforts. Furthermore the argument is not valid, because, as we stated previously, there are other reasons why Fall River was properly excluded from the application. Fourth, the plaintiffs argue that an analysis of certain documentary exhibits undermines the Commission's conclusions with respect to time savings over the new route. Concededly, the time differentials, if any, are slight. But we do not take it to be our function to reverse a

62 S.Ct. 960, 86 L.Ed. 1305; Keele Hair & Scalp Specialists, Inc. v. F. T. C., 275 F.2d 18, 21.

Congress was very deliberate in adopting this standard of review. It frees the reviewing Courts of the time-consuming and difficult task of weighing the evidence, it gives proper respect to the expertise of the administrative tribunal and it helps promote the uniform application of the statute. These policies are particularly important when a court is asked to review an agency's fashioning of discretionary relief. In this area agency determinations frequently rest upon a complex and hard-to-review mix of considerations. By giving the agency discretionary power to fashion remedies, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.

Recently, the Supreme Court in Illinois Central Railroad Co. et al. v. Norfolk & Western Railway Co. et al., 385 U.S. 57, 66, 87 S.Ct. 255, 260, 17 L.Ed.2d 162 (1966), again emphasized the standard of review of agency action:

* * * The test on judicial review is, of course, whether the action of the

Commission is supported by "substantial evidence on the record viewed as a whole," 5 U.S.C. § 1009(e) (5). Substantial evidence is "enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939).

3. Illinois Central Railroad Co. v. Norfolk & Western Railway Co. et al., 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (Nov. 14, 1966), "as was said in Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966) 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.' It is not for the court to strike down conclusions that are reasonably drawn from the evidence and findings in the case. Its duty is to determine whether the evidence supporting the Commission's findings is substantial. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951)."

Commission decision three years in litigation and based on sound evidence because of a slight evidentiary flaw.

Finally, the plaintiffs argue that the Commission's failure to grant oral argument en banc and the Appellate Division's wholesale adoption of the Operating Rights Review Board's decision is so whimsical as to constitute reversible error. The Commission did adopt the pre-Commission consideration of the issues by the intermediate employee boards and officers.[4] But there is no merit to this contention. The order clearly shows it considered the record and concluded that the findings of the intermediate board, Operating Rights Review Board No. 3, were in accordance with the evidence and the applicable law.[5]

## II. The Legal Standard

The plaintiffs' contention that a new regulatory criteria was employed by the Commission and its Review Board is based on the proposition that there was a departure from the standards of the Pan-

---

4. SERVICE DATE
 DECEMBER 5, 1967.
 ORDER
At a Session of the INTERSTATE COMMERCE COMMISSION, Division 1, Acting as an Appellate Division, held at its office in Washington, D. C., on the 16th day of November, A.D. 1967.
 No. MC–124935 (Sub-No. 3)
 ALMEIDA BUS LINES, INC.
 EXTENSION—NEW YORK CITY
 (New Bedford, Mass.)
Upon consideration of the record in the above-entitled proceeding, and of:
 (1) Petition of Greyhound Lines, Inc., protestant, filed July 31, 1967, for oral argument, or in the alternative, reconsideration;
 (2) Petition of the Short Line, Inc., protestant, filed July 31, 1967, for reconsideration, embracing a request for oral argument;
 (3) Reply by applicant, filed September 5, 1967;
and good cause appearing therefor:
 It is ordered, That the said petitions be, and they are hereby, denied, for the reason that the findings of Operating Rights Review Board Number 3 in its report of May 19, 1967, are in accordance with the evidence and the applicable law and no sufficient or proper cause appears for reopening the proceeding for reconsideration or oral argument.
 It is further ordered, That, unless compliance is made by applicant with the requirements of Sections 215, 217 and 221(c) of the Interstate Commerce Act, within 90 days after the date of service of this order, or within such additional time as may be authorized by the Commission, the grant of authority made in the report and order entered herein on May 19, 1967, shall be considered as null and void and the application shall stand denied in its entirety effective upon the expiration of the said compliance time.

By the Commission, Division 1, acting as an Appellate Division.
 H. NEIL GARSON,
 Secretary

5. In Younger Brothers, Inc. v. United States, 238 F.Supp. 859, at 861–862 (S.D.Tex.1965), the Court said:
 This leaves only the tag end contention that in its disposition of the case, the Commission failed to comply with the requirement of § 8(b), 5 U.S.C.A. § 1007(b) of the APA, that the order reflect the reasons and basis for the findings and conclusions. If this is a claim that Division 1, otherwise fully satisfied with Examiner's Report, has to go through the laborious process of issuing its own decision-report, it quickly fails. The Commission, as do other adjudicatory tribunals, court or administration, has the right, if not the duty, to exercise imaginative resourcefulness and judicial inventiveness in developing procedures which enable it to stem the tide of ever increasing backlogs. (10 citations omitted)
 The DANDO device is certainly permissible. (footnote and two citations omitted)
 When pursued it means, of course, that the Commission's action stands or falls with the Examiner's Report. From that viewpoint, there is nothing to the criticism leveled here. * * * Accord, Trailways of New England v. United States, D.C., 235 F.Supp. 509, at 512, which recognized the specific statutory power added to Section 17(5) of the Interstate Commerce Act, 49 U.S.C. § 17(5) in 1961, permitting the Commission to authorize employee boards to perform "functions of the same character as those which may be performed thereunder by duly designated divisions."

American Bus Lines case.[6] In this case the Commission declared, in its interpretation of Section 207(a), supra, "the question, in substance is whether the new operation or service will serve a useful public purpose, responsive to a public demand or need; whether this purpose can and will be served as well by existing lines or carriers; and whether it can be served by applicant with the new operation or service proposed without endangering or impairing the operation of existing carriers, contrary to the public interest."

Plaintiffs argue that the Board "departed sharply from the continuous regulatory principle enunciated in the *Pan-American* case for more than 30 years * * *" by enunciating a "balanced transportation" theory. This is found in the report where the Board said:

"In a proceeding of this nature an applicant has the burden of demonstrating the existence of a public need for the proposed operation before we may authorize a grant of common carrier authority. In connection with this requirement, the existing operations of any opposing carriers become an important element for our consideration. This, however, cannot be the limit of our inquiry * * * Accordingly it is necessary that we consider the maintenance of a balanced passenger transportation 'system' within the scope of the application and that we evaluate factors such as the existence of sufficient carrier capacity to encourage competition, incentive for real innovation and improvement in services to the public, and constraint against monopolistic motor-bus operations."[7]

We see nothing in the language or holding of the Commission which abrogates or contradicts the doctrine of *Pan-American*. To suggest that the Commission's use of the phrase "balanced * * * transportation 'system'"

changes the criteria of *Pan-American* is the height of semanticism, especially where, as here, the evidentiary conclusions and holdings of the Commission point to an orderly consideration of the elements of *Pan-American:* (1) a public need; (2) not adequately serviced at the present or for the near future; (3) the satisfaction of which need will not endanger the operation of presently existing carriers. Indeed, most of the plaintiffs' arguments were devoted to attacking, step by step, the Commission's consideration of whether the criteria of *Pan-American* were met. By their very methodology, plaintiffs demonstrate that *Pan-American's* three-pronged standard was the law applied by the Commission.

■ Assuming, arguendo, that the Commission's "balanced transportation" theory did modify the *Pan-American* standard, that modification is best characterized as supplemental and not contradictory. And when the supplemental principles articulated by the Commission are imbedded not only in the policy preamble of the governing statutory scheme, 49 U.S.C. § 1, but also in the primary statutory law governing economic regulation and competition in the United States, 15 U.S.C. §§ 1, 2, then their invocation can only be salutary. This is not to say that the National Transportation Policy gives the I.C.C. carte blanche to make the stimulation of competition the sole and exclusive basis for the granting of certificates of public convenience and necessity. Nor is it to endorse the wholesale incorporation of the anti-trust laws into Commission decisions concerning certificates of public convenience and necessity. That is a thicket we do not enter; we hold only that competitive stimulation and anti-monopoly prophylaxis may be factors to be considered by the I.C.C. in granting or denying certificates of public convenience and necessity.[8]

---

6. 1 M.C.C. 190.

7. Operating Rights Review Board decision, Advance Sheet, p. 323.

8. See Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051. Cf. Pan American Airways Co. v. Civil Aeronautics Board, 121 F.2d 810 (2d Cir. 1941).

The Commission's decision is affirmed in all respects. The temporary restraining orders heretofore entered are hereby dissolved. Judgment may be entered accordingly.