## JOHN PELRANTOLI
*vs.*
## FRANK DOMINELLO, ET AL.

Superior Court     New Haven County     File No. 54803
At Meriden

MEMORANDUM FILED DECEMBER 22, 1939.

*Francis R. Danaher,* of Meriden, for the Plaintiff.

*Benjamin R. Zempsky,* of Meriden, for the Defendants.

MUNGER, J.   The defendant driver says that his truck did not come in contact with the plaintiff.   It is impossible to accept this statement as true.   The testimony to the effect that the plaintiff was knocked down by the truck is conclusive. Obviously this erroneous statement by the driver weakens the force of all of his testimony.   It is impossible to believe that he did not see these children playing on the sidewalk near the driveway.   He came out of the house and entered the driveway to get into the truck.   He could not have failed to see the children there.   Upon his own testimony the tailboard of the truck was constructed in such a way as to prevent in some measure a view of the sidewalk as he backed toward it and the significant thing in his own testimony is that as he approached the sidewalk he could see "less and less."   At what point the witnesses for the plaintiff as they stood on the sidewalk 125 feet away from the driveway could have seen the truck as it stood in the driveway is not clear, but they certainly could see it as it came out of the driveway onto the sidewalk.   The defendant driver says he looked to his rear while backing.

The cases cited by the defendant cannot avail since there is no case which does not hold when one is required to look before acting he must do so with reasonable care.   That is the very essence of what may or may not constitute negligence under any given set of circumstances.   It seems to me to be abundantly clear that anything like reasonable care in backing this truck out of the driveway onto the sidewalk would have prevented the injury sustained by the plaintiff.   The defendant's testimony is that the truck did not knock the child down.

The difficulty presented is one for the assessment of damages. The plaintiff's special damages amount to $192.75.   He was admitted to the hospital on March 19, 1938, and discharged

April 2, 1938, so that this represents a stay of exactly two weeks. He has a large scar down his forehead but there is no testimony as to whether this is permanent or not. If it can be eradicated by treatment, there is no testimony as to the cost of such treatment, and the court has nothing upon which to base its finding that the scar is in fact permanent. It is common knowledge that modern plastic surgery often deals with very remarkable success with scars of this kind so that they are made scarcely visible. Under the circumstances the court can render only the special damages which were proved and the experience which this three-year-old child has suffered.

Judgment is rendered for the plaintiff to recover $492.75 damages.