When the decision was issued in this case, the court retained jurisdiction to allow reconsideration of the issues if the special permit was not issued by the Commission as directed by the court in the administrative appeal also decided on March 17, 1992. See Grace Community Church v. Planning Zoning Commission of Town of Bethel, Superior Court at Danbury, No. 30 36 16, [7 CSCR 473]6 Conn. L. Rptr. 152. That decision (hereafter called "administrative appeal"), is CT Page 5586 incorporated by reference as part of the supplemental decision in this case. The plaintiff has also filed a motion to reconsider or clarify the prior decision in this action dated April 20, 1992, and has filed a motion for articulation dated May 21, 1992. This supplemental decision is in response to both motions.
After the court sustained the plaintiff's administrative appeal on March 17, 1992 and ordered the Bethel Planning Zoning Commission (hereafter called the "Commission") to issue the special permit, the Commission held a meeting and granted the special permit without conditions on April 14, 1992. No appeal was taken by anyone within fifteen days of publication of the Commission's decision granting the special permit. As a result, the Commission may proceed to construct the church building on its property and there is no indication that either the Commission or the Town is imposing any restraints on the construction or on the exercise of religious activities of the plaintiff and its members.
In this case, the plaintiff requested a declaratory judgment that the provision in the Bethel Zoning Regulations requiring a special permit to construct a church in residential and other zones of the Town was in violation of both the U.S. and Connecticut Constitutions as: (1) a prior restraint on the free exercise of religion; (2) a denial of equal protection of the laws when the restraints imposed by zoning regulations on churches are compared with regulation of other uses; (3) void for vagueness in that the regulations contained no objective standards; and (4) the denial of a special permit for the subject property was an unconstitutional taking of it. As part of its claim of denial of free exercise of religion, the plaintiff claimed that the special permit provisions of the Bethel Zoning Regulations result in denial of the constitutional rights of assembly, association and free speech. In addition, the plaintiff alleges that the defendants violated a right under Article Seventh of the Connecticut Constitution to build churches. As a result, it claims that these constitutional violations of its civil rights entitled it to damages under 42 U.S.C. § 1983.
Even though the Commission has now granted the special permit, the plaintiff wants the court to decide whether the zoning ordinance provisions on special permits in general, as opposed to the action of the Commission on the application here, is unconstitutional, and if so, whether the plaintiff sustained damages from being subjected to unconstitutional regulations. The issuance of the special permit eliminates any right the plaintiff may have under the first count of the complaint for an injunction and similar relief for possible future injury, but does not prevent an action for damages for conduct prior to issuance of the permit. Hallas v. Windsor, 217 Conn. 689, 692. CT Page 5587
By agreement of the parties at the trial of the case, proof of the amount of damages was deferred and plaintiff was not precluded from offering proof of damages under section 1983, and attorney's fees under 42 U.S.C. § 1988, if the ordinance was held to be unconstitutional. The issue of damages, however, is academic because the plaintiff is not entitled to them under the factual situation in this case.
A party who challenges the constitutionality of a statute or ordinance must prove that the statute or ordinance has adversely affected a constitutionally protected right under the facts of his particular case and not merely under some possible or hypothetical set of facts, although an exception is made whenFirst Amendment freedoms are affected. State v. Madera, 198 Conn. 92,106. The courts of this state resolve constitutional claims only when essential to decide the controversy between the parties. Adolphson v. Zoning Board of Appeals, 205 Conn. 703,720. Moreover, a litigant can only challenge the validity of a statute or ordinance under the Connecticut Constitution as it has been applied to him, and he cannot claim that the provision is invalid because it impermissibly impinges upon the constitutional rights of others. Husti v. Zuckerman Property Enterprises, Ltd., 199 Conn. 575, 589. Until the property owner has exhausted the procedures under a municipal zoning ordinance, there is no right to raise state constitutional issues. Id., 590, citing Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440, 446; West Hartford Methodist Church v. Zoning Board of Appeals,143 Conn. 263, 268. Finally, a claim that a regulation based on the police power and authorized by a statute is unconstitutional must be proven beyond a reasonable doubt. Mario v. Fairfield,217 Conn. 164, 176.
Even though a municipal ordinance must be carefully considered when it may affect the constitutional guarantee of freedom of religion under the First Amendment to the United States Constitution, churches and religious organizations can be subjected to religiously neutral regulation for secular governmental purposes under the police power, such as fire inspection, building and zoning regulations. Lemon v. Kurtzman, 403 U.S. 602, 614. They can also be subjected to reasonable regulation as to their location without violating the constitutional guarantee of freedom of religion as long as they are not completely excluded from residential zones. See Anderson, American Law of Zoning, 3rd Ed., section 12.22. In St. John's Roman Catholic Church Corporation v. Darien, 149 Conn. 712, 720, it was recognized that even though churches may not be completely excluded from residential zones, they can be subject to reasonable regulation as to their location, by requiring a special permit, without violating the constitutional guarantee of freedom of religion. While some CT Page 5588 cases from other states have held that it is illegal for a municipality to exclude churches in all zones, from all municipal zones or to allow them in the municipality only with a special permit (see Grace Community Church v. Planning Zoning Commission of Bethel, supra, 159, and cases cited therein), each situation is evaluated under its existing factual circumstances, including standing to raise the constitutional issue.
The defendants never questioned or interfered with the right of the plaintiff or its members to express their religious views, associate or assemble for that purpose, on the subject property or anywhere else. The only limitation imposed was that a building to be used for a church could not be built on the subject property without complying with the special permit provisions in the zoning regulations. This provision applies to all other religious denominations and all other property owners proposing church buildings and any other uses allowed by special permit under existing regulations. The right of free exercise of religion under the federal constitution does not relieve individuals from complying with valid and neutral laws of general application on the ground that the law limits conduct that their religion allows or encourages. Employment Division v. Smith, 494 U.S. 872, 879,110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). Such neutral regulations do not require a compelling state interest, id.,494 U.S. at 886, unless it restricts both the free exercise of religion and other constitutional rights such as freedom of speech, id., 494, U.S. at 881.
The plaintiff has received a special permit to build a church on its property. There is nothing in the regulation which favors some churches or religious practices over others. TheFirst Amendment limits the enactment of a law which prohibits the free exercise of religion, and there is a comparable provision in Article First, section 3 of the Connecticut Constitution. There is nothing in the record in the administrative appeal, the stipulation of facts by the parties in this case or evidence presented to the court that the Commission, the Town or any of its officials ever took any action to prevent the members of the plaintiff church from assembling or carrying out their religious activities anywhere in the Town. The requirement for a special permit to use the subject property, located in a residential zone, for a church building is applied to all other religious organizations and property owners similarly situated. As a review of the zoning map discloses, most of the Town (and well over 90 percent of its land) is in one of the residential zones, and only a small percentage of the Town's total area (the industrial zones and one commercial zone) is zoned to exclude churches. In evaluating claims that zoning regulations limiting use of land for churches unreasonably interfere with the right of free exercise of religion, the extent of the restriction by the municipality and the facts of each CT Page 5589 case are important. St. John's Roman Catholic Church Corporation v. Darien, supra, 720, 723-24, recognizes that churches may be subject to reasonable special permit provisions in zoning regulations. This is not a situation where churches are automatically excluded from most of the Town or subjected to more burdensome regulations than similar uses having a similar impact on the municipality. The cases relied upon by the plaintiff have been considered on their facts, and are materially different. A use allowed with a special permit is neither an automatically permitted use nor an excluded use, but rather a use which is permitted provided that existing standards in the zoning regulations are met. A.P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 185.
The Town has a substantial governmental interest in enacting zoning regulations under the police power, in placing different uses in different zones and in allowing others only with a special permit. As recently stated in Barberino Realty Development Corp. v. Planning Zoning Commission, 222 Conn. 607, 612-13, the nature of certain uses such as churches is that even though they may be generally compatible with uses permitted as of right in particular zoning districts, including residential zones, their precise location and mode of operation must be regulated because of topography, traffic problems, and neighboring uses of the site, since they can generate parking and traffic problems which might undermine the residential character of the neighborhood the special permit approach provides the flexibility to solve this problem and allows churches in most cases. The regulations here would comply with the rational basis test. Beacon Falls v. Posick, 212 Conn. 570, 584-85; Builders Service Corporation, Inc. v. Planning Zoning Commission, 208 Conn. 267, 284, 306. The plaintiff's claim that a compelling state interest is required to regulate under the factual circumstances here is not supported by any legal authority cited by it.
Even though the parties stipulated that lack of a regular meeting place disrupts or hampers the church activities of the plaintiff, the requirement of a special permit to use a particular parcel of land for a church building does not directly interfere with the religious freedoms of the plaintiff's members. The First Amendment
cannot be extended to such an extent that a claim of exemption from the laws based on religious freedom can be extended to avoid otherwise reasonable and neutral legal obligations imposed by government. Employment Division v. Smith, supra,494 U.S. at 888. The plaintiff has not shown that the regulation here, as applied to it, is an unreasonable restriction on the free exercise of religion, or any of the collateral rights of speech, assembly or association.
In addition, the plaintiff has not shown beyond a reasonable CT Page 5590 doubt that the special permit provisions of the zoning regulations which apply to churches deny a plaintiff its rights guaranteed by Article First, section 3 of the Connecticut Constitution. See Husti v. Zuckerman Property Enterprises, Ltd., supra, 589.
It has also failed to prove a denial of equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution, and Article First, section 20 of the Connecticut Constitution. In order to hold a zoning regulation unconstitutional on grounds of denial of equal protection under the state or federal constitutions, it must appear that the provisions are clearly arbitrary and unreasonable and have no substantial relation to the public health, safety, morals or general welfare. St. John's Roman Catholic Church Corporation v. Darien, supra, 722. If the ordinance does not affect either a fundamental right or a suspect class, its classification need only be rationally related to some legitimate government purpose in order to withstand an equal protection challenge. Circuit-Wise, Inc. v. Commissioner of Revenue Services, 215 Conn. 292, 300. The equal protection provisions of the federal and state constitutions have the same meaning and are subject to the same limitations. Mario v. Fairfield, supra, 174 n.; State Management Assn. of Connecticut v. O'Neill, 204 Conn. 746, 750. The equal protection clauses are violated only if the classification in the land use ordinance or regulations is based on grounds wholly irrelevant to the achievement of the objectives of the land use agency. Mario v. Fairfield, supra, 175. When considering the regulation under the "rational relationship" standard, the courts give every legal presumption and reasonable inference of fact in favor of upholding the regulation. Id.; Blue Sky Bar, Inc. v. Stratford, 203 Conn. 14, 22. The plaintiff must show beyond a reasonable doubt that the regulation is unconstitutional. Mario v. Fairfield, supra, 176; Aaron v. Conservation Commission, 183 Conn. 532, 537. While public recreational facilities are allowed in a residential zone as a permitted use, the uses which are allowed there only by special permit include private places of assembly and some public buildings such as clubs, community center buildings, day care or nursery schools, fire stations, libraries or museums operated by nonprofit corporations, nursing or convalescent homes, police stations, post offices, schools, town highway facilities and town halls. See section 118-24 of the Bethel Zoning Regulations. The plaintiff relies upon certain uses allowed in one of the commercial zones in its claim of denial of equal protection, such as hotels, clubs or lodges, funeral parlors, theaters and fraternal organizations. However, the subject property voluntarily purchased by the plaintiff with knowledge that it needed a special permit to build a church is located in the residential R-40 zone. Comparing uses allowed by special permit in that zone with permitted uses in nonresidential zones is comparing apples and oranges. All nonpublic places of assembly in a residential zone CT Page 5591 in addition to churches require a special permit.
In St. John's Roman Catholic Church Corporation v. Darien, supra, it was held not to be a denial of equal protection to allow public schools as a permitted use in a residential zone while requiring a special permit for parochial and private schools. Moreover, a plaintiff can only challenge the constitutionality of the regulations under the factual circumstances of the case and the actual application of the regulation to it. State v. Madera supra, 106. The plaintiff applied for and received a special permit from the Commission, and is not prevented from construction of the church at this time by the regulation.
The claim that section 118-21H of the Bethel Zoning Regulations does not contain objective standards fails for similar reasons: (1) the denial of the special permit by the Commission was reversed on nonconstitutional grounds, as discussed in the administrative appeal; and (2) the Commission has now issued the special permit so the general challenge to vagueness of the regulation on constitutional grounds is unnecessary.
The second count of the complaint alleges that the zoning regulations also deprived the plaintiff of all use of its property in violation of the Fifth Amendment of the U.S. Constitution, from the date it acquired the option to purchase the land. The plaintiff church voluntarily purchased the property in July, 1989, at a time when it did not have a special permit to use it for a church. The Commission granted a special permit for a church on the property when the plaintiff applied for it. That decision was overturned because the plaintiff's agents or supporters had illegally submitted evidence after the public hearing, when owners of land abutting the church property took an appeal. The church did not file a second special permit application until July 10, 1990. While the Commission denied the second application on October 9, 1990, that decision was overturned in the administrative appeal on March 17, 1992. At that point, the plaintiff obtained the special permit on April 14, 1992 without any conditions.
A claim of taking of property from application of land use regulations is premature until the land use agency makes a final decision on permitted uses of the property. Port Clinton Associates v. Board of Selectmen, 217 Conn. 588, 600, 604; Gil v. Inland Wetlands Watercourses Agency, 219 Conn. 404, 415. Until a property owner has obtained a final decision regarding the application of the zoning ordinance to the property, it is impossible to determine whether the land retains any reasonable beneficial use and thus whether there was a deprivation of private property without just compensation in violation of theFifth Amendment. MacDonald, Sommer Frates v. Yolo County,477 U.S. 340, 348-49; Williamson County Regional Planning CT Page 5592 Commission v. Hamilton Bank, 473 U.S. 172, 192, 193. To show finality, a property owner making a regulatory taking claim must prove that the agency will not allow any reasonable alternative use of the property. Gil v. Inland Wetlands Watercourses Agency, supra, 415. Here the Commission initially approved the special permit in 1988. The 1990 application was only for a special permit to build a church. The plaintiff never applied to use the property for any other permitted use such as a residence, which would certainly have been approved by the Town. While use of the property for a church may have been the preferred option of the plaintiff, the maximum possible enrichment of a property owner is not a controlling purpose of zoning, State National Bank v. Planning Zoning Commission, 156 Conn. 99,102. Denial of one application does not prove that the agency will not allow any reasonable use of the property. Gil v. Inland Wetlands Watercourses Agency, supra, 417.
Even a claim of a temporary taking of property requires the challenged regulation to deprive the property owner of all use of the property while the regulation is in effect. First English Lutheran Evangelical Church v. Los Angeles County, 482 U.S. 304,321; Port Clinton Associates v. Board of Selectmen, supra, 601, 602. Normal delays in processing land use approvals are not considered temporary takings. First English Lutheran Evangelical Church v. Los Anqeles County, 482 U.S. 304, 321. Even though a property owner is successful in challenging a governmental regulation such as a zoning ordinance, the owner is not entitled to recoup financial losses because use of the property was temporarily delayed while the dispute was being resolved. Port Clinton Associates v. Board of Selectmen, supra, 602; Williamson County Regional Planning Commission v. Hamilton Bank, supra, 204. A facial challenge to the special permit provisions in the zoning regulations also fails since the plaintiff was not denied all economically viable use of the land even though construction of a church required a special permit. See Hodel v. Virginia Surface Mining Reclamation Assn., 452 U.S. 264,295-96, quoting Agins v. Tiburon, 447 U.S. 255, 260.
The decision in the administrative appeal discussed the unique provision in Article Seventh of the Connecticut Constitution which allows any religious society to build and repair houses for public worship. The administrative appeal was not squarely decided on Article Seventh, however, because the plaintiff was entitled to a special permit on nonconstitutional grounds. Even if the Commission's denial of the special permit violated that provision, an issue not decided in the administrative appeal or this case, that would still not entitle the plaintiff to monetary damages under 42 U.S.C. § 1983. In order to recover in a section 1983 action, the plaintiff must prove: (1) the defendant has deprived it of federally protected rights or privileges, CT Page 5593 namely, rights secured by the constitution and laws of the United States; and (2) deprivation of that constitutional right was under the color of a statute, ordinance, regulation, custom or usage of a state or territory. Adickes v. S. H. Kress Co., 398 U.S. 144; Parratt v. Taylor, 451 U.S. 527, 525; Tedesco v. Stamford,215 Conn. 450, 456. There must be a deprivation of federal rights, namely, either rights under the federal constitution or a federal statute. Maine v. Thiboutot, 448 U.S. 1. See also Screws v. United States, 325 U.S. 91, 108. Since the plaintiff has not proven violation of any federal constitutional right or statute here, there is no basis for a section 1983 action. As a result, the plaintiff has no right to recover damages or attorney's fees for deprivation of federal civil rights.
Moreover, no statute has been identified which gives the right in this state to recover monetary damages for infringement of rights under the Connecticut Constitution. If one is intended, the legislature must create it.
The plaintiff's motion for articulation is in the form analogous to the prior procedure for findings and draft findings which has been abolished in appellate proceedings in this state. The plaintiff requests the court to make findings on the church's religious practices and the extent to which the temporary denial of a special permit made its religious practices and activities more difficult or expensive than if the plaintiff could have constructed a church building immediately upon exercising its option to purchase the subject property in 1989. The motion also requests the court to answer questions proposed by the plaintiff rather than clarifying the basis of the written opinion. The prior discussion covers the essential facts and legal basis for the conclusions reached, and the findings requested are unnecessary to resolve the issues in this appeal. However, some comments in response to the motion for articulation are in order.
The court could only have awarded the plaintiff damages under section 1983 if the plaintiff proved a violation of federally protected constitutional rights. While the plaintiff church presumably could have constructed a church building on the subject property after exercising its option to purchase the property in 1989 if it had not been required to obtain a special permit, a special permit had been granted by the Commission at that time. The procedural problem caused by the plaintiff's submission of improper evidence to the commission after the public hearing resulted in a successful appeal to revoke the permit. Neither the Commission nor the Town interfered with the right of the plaintiff church and its members to engage in religious speech or their rights to assemble or associate in Bethel or elsewhere. They did not require the church or its members to meet at Brookfield High School or anywhere else. While it undoubtedly would have been CT Page 5594 more convenient for the church to conduct its activities in a church building on its own property, the defendants did not preclude any of the activities deemed important by the church at any place or any time. The right of a church to conduct religious activities and to use specific property for that purpose do not necessarily coincide. See New York Annual Conference v. Fisher,182 Conn. 272, 286. The importance to a religious denomination of particular religious activities is also an ecclesiastical matter which is not properly decided by the courts. Id., 288; Jones v. Wolf, 443 U.S. 595, 602.
While the plaintiff could have built a church quicker than it did if Bethel had no special permit requirement for churches and other similar uses in its zoning regulations, it was not proven that this made acquisition of the subject property or other sites in Bethel more expensive. In fact, land in a residential zone allowing nonresidential uses without a special permit may have been more expensive without such restrictions. The plaintiff also did not prove any claim of a competitive disadvantage on the part of churches over other potential buyers of property in acquiring land, or that other sites in Bethel were not available to construct a church building.
The findings of the Commission on the standards in section 118-21H of the Zoning Regulations, as applied to the subject property and its review of those standards and findings, is discussed in the administrative appeal. The issuance of the special permit by the Commission on April 14, 1992 precludes a constitutional attack on those standards, which apply to all special permits in general and are not restricted to churches. While the Town presented no evidence of its reasons for requiring churches to obtain special permits under the zoning regulations or any compelling governmental interest for doing so, it was not required to under the facts of this case.
For the above reasons, the court does not change the judgment of March 17, 1992 for the defendants.